**In re SIEMENS CORPORATION, Siemens Aktiengesellschaft, Siemens Information and Communication Networks, Inc., and Efficient Networks, Inc., Relators.**

No. 05–04–01560–CV.

Court of Appeals of Texas, Dallas.

Jan. 14, 2005.

---

George Walter Bramblett, Jr., W. Alan Wright, Haynes & Boone, L.L.P., Dallas, Gregg F. LoCascio, Elizabeth Petrela Papez, Kirkland & Ellis LLP, Washington, DC, for Relators.

G. Michael Gruber, Godwin Gruber LLP, Dallas, for Real Party In Interest.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion by Justice WRIGHT.

In this original proceeding, we must decide whether the trial court abused its

discretion by declaring invalid Dallas County local rules that allow the transfer of cases from district courts to statutory county courts. The trial court determined such transfers are not authorized by statute and violate the Texas Constitution.

Because we conclude the trial court abused its discretion by declaring the Dallas County local rules invalid, we conditionally grant the writ on that ground. We remand to the trial court the question of whether this case should be transferred to the County Court at Law Number 5 pursuant to the local rules.

## Background

The real parties in interest, a group of former and current employees of Efficient Networks, Inc., sued relators Siemens Corporation, Siemens Aktiengesellschaft, Siemens Information and Communication Networks, Inc., and Efficient Networks, Inc. (collectively Siemens) in the 193rd District Court for breach of contract and fraud. Because a similar case was pending in the County Court at Law Number 5, Siemens asked the county court to transfer this case from the district court to the county court pursuant to the Dallas County local rules.[1] After some discussion, the county court judge determined that if the parties could not agree to consolidate the case, Siemens should seek permission to transfer the case from the district court judge before the county court judge would transfer the case. Siemens then filed its

motion to transfer in the district court, asking the judge to either (1) transfer the case to the county court or (2) deny the motion and defer to the county court the decision to transfer in accordance with the local rules.

After a hearing, the district court denied Siemens' motion and made findings of fact and conclusions of law. The trial court determined, among other things, Dallas County's local rules allowing transfer of a case from district court to a statutory county court are invalid because they are not authorized by statute and they violate the constitutional right to a twelve-person jury. This original proceeding followed.

## Statutory Authority

We begin our discussion with the first of the trial court's determinations, i.e., that the Dallas County local rules allowing transfer of a case from district court to a statutory county court are not authorized by statute. In making this determination, the trial court considered sections 74.093 and 74.121 of the government code. Respectively, these statutes provide for (1) the adoption of local rules governing transfer of cases, and (2) the transfer of cases and exchange of benches between certain courts.

The trial court reasoned that although section 74.121(b)(1) does not expressly authorize or prohibit transfer of cases from district courts to county courts, subsection (b)(2), a special statute governing the

---

**1.** Dallas County Local Rule 1.06 provides as follows:

Whenever any pending case is so related to another case previously filed in or disposed of by another Court of Dallas County having subject matter jurisdiction that a transfer of the later case to such other Court would facilitate orderly and efficient disposition of the litigation, the Judge of the Court in which the earlier case is or was pending may, upon notice to all affected

parties and Courts and hearing, transfer the later case to such Court.
DALLAS (TEX.) CIV. DIST. CT. LOC. R. 1.06.

Dallas County Local Rule 1.07 provides that, among others, "[a]ny case arising out of the same transaction or occurrence as an earlier case, particularly if the earlier case was dismissed by plaintiff before final judgment" shall be subject to transfer under Local Rule 1.06. DALLAS (TEX.) CIV DIST. CT. LOC. R. 1.07.

transfer of cases and exchange of benches in Midland County, shows the legislature did not intend to allow local district and county judges to adopt rules allowing for the transfer of cases from district courts to statutory county courts.[2] The trial court explained "if Midland County could just adopt local rules pursuant to section 74.093, there would have been no need for section 74.121(b)." We disagree.

It is a cardinal rule of statutory construction that we are to give effect to the intent of the legislature. *Fleming Foods of Tex. v. Rylander,* 6 S.W.3d 278, 284 (Tex.1999). If the language in a statute is unambiguous, we must seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994). In applying the plain and common meaning of the language in a statute, courts may not by implication enlarge the meaning of the statute beyond its ordinary meaning; such implication is inappropriate when legislative intent may be gathered from a reasonable interpretation of the statute as it is written. *See id.*

Section 74.093 of the Texas Government Code provides that the district and statutory county court judges in each county shall, by majority vote, adopt local rules of administration. The local rules must provide for, among other things, the assignment, docketing, transfer, and hearing of all cases, subject to the jurisdictional limitations of the district courts and statutory county courts. *See* TEX. GOV'T CODE ANN. § 74.093 (Vernon 1998). Thus, under the statute, the only limitation on local rules governing transfer of cases within a county

is that the case must be transferred to a court that has jurisdiction over the case.

Section 25.0003 of the government code sets out the jurisdiction of statutory county courts in Texas. TEX. GOV'T CODE ANN. § 25.0003 (Vernon 2004). Section 25.0592, however, specifically addresses jurisdiction of Dallas County's statutory county courts. Under that provision, a county court at law in Dallas County has "concurrent jurisdiction with a district court in civil cases regardless of the amount in controversy." TEX. GOV'T CODE ANN. § 25.0592(a) (Vernon 2004). Because the two courts now have concurrent jurisdiction, the jurisdictional limitation on transfers contained in section 74.093 is not implicated in this case. Accordingly, we conclude section 74.093 authorizes the adoption of local rules of administration providing for the transfer of cases from district courts in Dallas County to statutory county courts in Dallas County. *See In re Stark,* 126 S.W.3d 635, 639 (Tex.App.-Beaumont 2004, orig. proceeding) (finding local rules may provide transfer from district courts to county courts when county court has jurisdiction and is authorized by local rules).

In reaching this conclusion, we necessarily reject the trial court's reliance on section 74.121(b)(2) to reach a different result. Section 74.121(b)(2) is a special statute enacted solely for Midland County. The statute authorizes statutory county court judges and district court judges in Midland County to exchange benches and transfer cases under the same rules applicable to district court judges. Granting the courts in Midland County the special ability to

---

**2.** Section 74.121(b)(2) provides:

Notwithstanding Subdivision (1), in matters of concurrent jurisdiction, a judge of a statutory county court in Midland County and a judge of a district court in Midland County may exchange benches and courtrooms with each other and may transfer cases between their dockets in the same manner that judges of district courts exchange benches and transfer cases under Section 24.303.

TEX. GOV'T CODE ANN. § 74.121(b)(2) (Vernon 1998).

transfer cases and exchange benches in a manner not otherwise permitted does not preclude the district to county court transfers allowed under Dallas County's local rules; and we will not, by implication, enlarge the meaning of the statute beyond its ordinary meaning. Because section 74.121(b)(2) makes no reference to, and is not a restriction on, a district court's authority to transfer a case to a statutory county court under Dallas County's local rules, it does not invalidate the local rules governing case transfers.

### Constitutional Validity

▪ The trial court also determined the local rules violated the Texas Constitution. In particular, the trial court found that allowing the transfer of cases from district courts to statutory county courts "strips a party of its constitutional right to a 'minimum 9 person jury.'" We disagree with the trial court for two reasons.

First, we cannot agree that a party, by filing a case in district court, is automatically vested with a constitutional right to a twelve-person jury revocable only at the party's pleasure. Although the Texas Constitution's Bill of Rights provides that "[t]he right of jury trial shall remain inviolate," it also mandates that the legislature "shall pass laws as may be needed to regulate same, and to maintain purity and efficiency." TEX. CONST. art. I, § 15. Article V, section 13 of the Texas Constitution provides that juries in district courts shall be composed of twelve persons, and that in trials of civil cases, "nine members of the jury, concurring, may render a verdict...." TEX. CONST. art. V, § 13. Thus, article V, section 13 governs the number of jurors in trials conducted in district court. We will not enlarge its meaning to include an irrevocable right to a twelve-person jury in every case *filed* (but not heard) in district court. There is nothing in the language of article V, section 13 prohibiting the transfer of a case out of the district court to a statutory county court, and the trial court's finding to the contrary is erroneous.

▪ Second, the size of a jury is not a jurisdictional matter. "Jurisdiction" refers to a court's authority to adjudicate a case. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex.2000); *Kshatrya v. Tex. Workforce Comm'n*, 97 S.W.3d 825, 829 (Tex.App.-Dallas 2003, no pet.). Jurisdiction deals with the power of a court to determine an action involving a particular subject matter as between the parties and render a certain judgment. *Dubai*, 12 S.W.3d at 75. Here, there is no allegation that the present case is not within the subject-matter jurisdiction of the statutory county court. As stated previously, the county courts in Dallas County have concurrent jurisdiction with district courts in Dallas County regardless of the amount in controversy. *See* TEX. GOV'T CODE ANN. § 25.092(a) (Vernon 2004). The size of a jury has no impact upon a trial court's power to act in a particular case when jurisdiction has otherwise been conferred upon it. Therefore, we cannot agree with the trial court's determination to the contrary.

### Adequate Remedy

▪ Having concluded that the Dallas County local rules allowing for transfer of cases from district court to statutory county courts are neither statutorily nor constitutionally infirm, we turn to whether Siemens is entitled to relief by mandamus. Siemens must meet two requirements. One is to show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992)

(orig. proceeding). Because a trial court has no "discretion" in determining the law or the application of the law to the facts, the trial court's determination that the Dallas County local rules were invalid was a clear abuse of discretion. *See Prudential,* 148 S.W.3d at 135. Thus, Siemens has met the first requirement.

Siemens must also show that it has no adequate remedy by appeal. *Id.* at 135–36. The operative word "adequate" has no comprehensive definition; it is simply the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. *Id.* at 136. These considerations implicate both public and private interests. *Id.* Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation. *Id.* However, mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. *Id.* We conclude this is such an exceptional case.

The issue—whether the local rules allowing transfer of cases from district courts to statutory county courts—fits well within the types of issues for which mandamus review is not only appropriate but necessary. It is an issue of law, one of first impression for this Court, but likely to recur. All cases pending in Dallas County are governed by the local rules and potentially affected by this decision. In addition, other Texas counties may have the same or similar local rules and may face a similar issue. Because the trial court's erroneous ruling has a far-reaching and imminent impact on the operation of courts in Dallas County and beyond, we conclude mandamus relief is appropriate. *See Prudential,* 148 S.W.3d at 135–140; *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex.1996) (orig. proceeding) (a pretrial ruling for which an appeal is usually an adequate remedy may not be remediable by appeal due to extraordinary circumstances).

Having concluded the trial court abused its discretion in holding the Dallas County local rules allowing transfer from district court to a statutory county court statutorily and constitutionally invalid, we conditionally grant the writ. The trial court is ordered to vacate its orders and findings of fact and conclusions of law signed October 6 and 7, 2004. The trial court is ordered to file a certified copy of its order in compliance with this opinion with this Court within thirty days of the date of this opinion. Should the trial court fail to do so, the writ will issue. We make no ruling on whether any motion to transfer pursuant to the Dallas County local rules should be granted in this case.[3]

---

**3.** To the extent the real parties in interest contend the trial court also ruled on the merits of the transfer request, we cannot agree. We recognize that the order denying the mo-

tion to transfer contains language suggesting the trial court ruled on the merits; however, the discussion at the hearing on the motion and the trial court's findings of fact and conclusions of law show the trial court's denial of the motion to transfer was based on its determination that the local rules were statutorily and constitutionally invalid.