**Opinion issued August 23, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00503-CV

————————————

## IN RE MIKE HOOKS, INC. Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

In this original proceeding, relator Mike Hooks, Inc. seeks mandamus relief from the trial court's order denying transfer under the local rules for Galveston County.[1] We conditionally grant the petition for writ of mandamus.

---

[1] The underlying proceeding is *Gilberto Adame & Francisco Ozuna v. Mike Hooks, Inc.*, No. 11-CV-0694, in the 212th District Court, Galveston County, Texas, the Honorable Susan Criss presiding.

## Background

Adame and Ozuna are plaintiffs in the underlying action. They allege that they suffered injuries aboard Hooks's vessel. They sued Hooks for negligence under the Jones Act and for unseaworthiness of the vessel and maintenance and cure benefits under the general maritime law.

Adame first filed suit in Harris County on September 25, 2009. Four days later, he nonsuited the Harris County suit and filed suit in the Galveston County Court at Law Number 2.

In October 2009, Ozuna sued Hooks in district court in Starr County. Ozuna and Hooks conducted some written discovery, but, on January 5, 2010, Ozuna nonsuited the case in Starr County. The next day, Ozuna intervened in Adams's case in Galveston County Court at Law Number Two.

On April 25, 2011, over a year after Ozuna joined the suit, and after conducting discovery, Adame and Ozuna nonsuited their case. The next day, they filed suit in Galveston County District Court. It is undisputed that the parties and the underlying facts in the district court case are the same as those in the County Court at Law Number Two case.

On June 30, 2011, Hooks moved the district court to transfer the case to County Court at Law Number 2 pursuant to a local rule. On August 29, 2011, the trial court held a hearing on the motion to transfer. Both parties filed supplemental

2

briefing in the following weeks. The trial court held a second hearing on October 17, 2011 and informed the parties it would take the motion under advisement. Hooks set the matter for a third hearing on March 26, 2012. After the hearing, the trial court did not rule on the motion; instead, it again stated it would take the matter under advisement.

Finally, on May 8, 2012, Hooks filed a petition for writ of mandamus in this court, seeking to compel the trial court to rule on the motion to transfer and seeking a stay of trial court proceedings pending this court's decision on the petition. The next day, the trial court denied the motion. Accordingly, this court dismissed the previously filed petition for writ of mandamus. Hooks now brings this original proceeding, contending that the trial court abused its discretion in denying the motion to transfer.

## Mandamus Standard

Mandamus is available to correct a trial court's abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

## Discussion

### A. Galveston County Local Rules

The district and statutory county courts of Galveston County are required to adopt local rules of administration that provide, in part, for "assignment, docketing,

3

transfer, and hearing of all cases, subject to jurisdictional limitations of the district courts and statutory county courts." TEX. GOV'T CODE ANN. § 74.093(b)(1) (West Supp. 2011). The district courts and the county courts at law in Galveston County have separately adopted their own local rules. For purposes of this proceeding, the rules are identical, except where specifically noted in this opinion.[2] Local Rule 3.10 provides for the assignment of cases to a court upon the initial filing. While the district and county courts at law versions of this rule differ in specifics, both state that "[o]nce assigned to a Court, a case will remain on the docket of that Court for all purposes unless transferred as hereinafter provided." Local Rule 3.10.

Local Rule 3.11 governs transfer of cases. Subsection D requires that a case that is non-suited and then re-filed be assigned to the court in which it was first pending:

> D.    Non Suit. If a case is filed in which there is a substantial identity of parties and causes of action as in a non-suited case, the later case shall be assigned to the Court where the prior case was pending.

Subsections I and J describe who is authorized to effect a transfer, and how:

> I.     Improper Court. If a case is on the docket of a Court by any manner other than as prescribed by these rules, the Local Administrative County Court at Law Judge [or Local Administrative District Judge] shall transfer the case to the

---

[2] The local rules are called the "Amended Local Rules of the District Courts for Galveston County, Texas" and the "Amended Local Rules of the County Courts at Law for Galveston County, Texas." In this opinion, we simply refer to them as the "Local Rules" and will differentiate only when necessary.

4

proper Court.

J.      Rules related to the transfer and assignment of any civil case [are] exercised freely between all courts having concurrent jurisdiction in civil matters.

Local Rule 3.11.

## B.    Abuse of Discretion

"A trial court abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)).  The Code Construction Act applies to rules adopted under a code.  TEX. GOV'T CODE ANN. § 311.002(4) (West 2005).  The Galveston County Local Rules were adopted pursuant to section 74.093 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 74.093(a). The Code Construction Act, therefore, applies to the Local Rules.  However, the starting point of any analysis of a rule or statute is the "plain and common meaning" of the words used.  *See Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 529 (Tex. 2002).

To determine whether the trial court analyzed and applied the law correctly, we begin, then, with the plain and common meaning of the language used in the Local Rules.  *See Argonaut Ins. Co.*, 87 S.W.3d at 529.  Local Rule 3.10 provides

5

that cases filed in the county courts at law are, generally, assigned only to county courts at law and cases filed in the district courts are assigned only to district courts. But the Local Rules also plainly state that cases, once assigned, are to remain in the assigned court "unless transferred as hereinafter provided."

Local Rule 3.11D, one of the transfer rules, states a nonsuited case with "substantial identity of parties and causes of action . . . *shall be assigned*" to the court in which the prior case was pending. Local Rule 3.11D (emphasis added). The use of the word "shall" imposes a duty, limiting the court's discretion in the matter. *See* TEX. GOV'T CODE ANN. § 311.016(1), (2) (West 2005) (stating word "may" "creates discretionary authority or grants permission or a power" while word "shall" "imposes a duty"); *Robinson v. Budget Rent-A-Car Sys., Inc.*, 51 S.W.3d 425, 430–31 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (concluding use of "shall" indicated mandatory action, citing Code Construction Act). The plain language of Local Rule 3.11D mandates that if a suit with the same parties and issues is nonsuited and then re-filed, it must be assigned to the court in which it was pending at the time of the nonsuit. This much is straightforward and not disputed by the parties.

The source of the dispute is determining the effect of Local Rule 3.11J. Rule 3.11J provides that the Local Rules "related to transfer and assignment of any civil case [are] exercised freely between all courts having concurrent jurisdiction in

6

civil matters." Before the trial court, Adame and Ozuna argued that the district courts and county courts at law are not courts of concurrent jurisdiction and, for that reason, Local Rule 3.11J had no applicability to this case. This argument is without merit.

The Legislature has provided for county courts at law, generally, that:

[A county court at law] has concurrent jurisdiction with the district court in:

(1) civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition; and

(2) appeals of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation claims, regardless of the amount in controversy.

TEX. GOV'T CODE ANN. § 25.0003 (West Supp. 2011). The Legislature has also specifically expanded the jurisdiction of the county courts at law in Galveston County:

In addition to the jurisdiction provided by Section 25.003 . . ., a [county court at law] in Galveston County has:

(1)    the jurisdiction provided by the constitution and by general law for district courts . . . .

TEX. GOV'T CODE ANN. § 25.0862(a) (West Supp. 2011); *but see id.* § 25.0862(b) (excepting election contests and "felony cases, except as otherwise provided by law" from county court at law's jurisdiction). Because the Legislature has

7

expressly stated that the district courts and county courts at law in Galveston County are courts of concurrent jurisdiction, we reject Adame and Ozuna's argument to the contrary.

Because the district courts and county courts at law are courts of concurrent jurisdiction, Adame and Ozuna's next argument also fails. They contend that "district courts and county courts at law in Galveston County are completely separate court systems," and, therefore, the trial court, a district court, had no authority to transfer this case to County Court at Law Number 2. As explained above, the district courts and county courts at law in Galveston County are courts of concurrent jurisdiction. Rule 3.11J, therefore, expressly refers to both types of court. The plain language of Rule 3.11J provides authority to transfer cases between them when otherwise authorized by the Local Rules. To adopt Adame and Ozuna's position, that district courts and county courts at law cannot transfer cases to one another, would render Local Rule 3.11J meaningless. Such an interpretation clearly contravenes the Legislature's determination that the district courts and county courts at law in Galveston County are courts of concurrent jurisdiction.[3]

We have concluded that Local Rule 3.11J applies and provides that the rules

---

[3] The Dallas Court of Appeals rejected a similar argument. *See In re Siemens Corp.*, 153 S.W.3d 694, 697–98 (Tex. App.—Dallas 2005, orig. proceeding) (holding that no statutory provision prohibited transfer under the Dallas County local rules from district court to county court at law).

8

relating to the transfer of cases permit transfer of cases between the district courts and county courts at law. We have also concluded that the plain language of Local Rule 3.11D requires a case with substantial identity of parties and causes of action that was pending in one court, nonsuited, and then re-filed in another court to be transferred to the court in which the suit was pending at the time of the nonsuit. It follows, accordingly, that the Local Rules require that this suit—which has identical parties and causes of action, and which was pending in County Court at Law Number 2 when it was nonsuited and then re-filed in the 212th District Court—be transferred to County Court at Law Number 2. Because Rule 3.11D is mandatory, we conclude that the trial court abused its discretion when it denied Hooks's motion to transfer the case.[4] *See In re Siemens Corp.*, 153 S.W.3d 694, 697–98 (Tex. App.—Dallas, 2005, orig. proceeding).

---

[4] In their response, Adame and Ozuna argue that this is essentially a venue case and that, as plaintiffs, their choice of venue should be respected. Even assuming that principles relating to venue determinations apply in this case, Adame and Ozuna's argument fails. "*As long as the forum is a proper one*, it is the plaintiff's privilege to choose the forum." *In re Henry*, 274 S.W.3d 185, 189–90 (Tex. App.— Houston [1st Dist.] 2008, pet. denied) (quoting *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988)) (emphasis added); *KW Constr. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied) ("Plaintiffs are accorded the right to choose venue first as long as suit is initially filed in a county of proper venue.") (citing *Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 261 (Tex. 1994)). Here, as explained above, the Local Rules provide that when a case is nonsuited and re-filed, the proper court is the court in which the suit was previously pending. Adame and Ozuna may not unilaterally choose their court in contravention of the Local Rules.

## C. Adequate Remedy at Law

Although we have concluded that the trial court abused its discretion in failing to transfer this case, Hooks is entitled to mandamus relief only if it lacks an adequate remedy by appeal. *In re Prudential*, 148 S.W.3d at 135–36. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* at 136. Determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *Id.* The Supreme Court has explained that mandamus review of incidental, interlocutory rulings unduly interferes with trial court proceedings, forces appellate courts to spend valuable time with issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds to the expense and delay of the litigation for the parties. *Id.* But the Supreme Court also recognized that mandamus review of significant rulings in exceptional cases may preserve important substantive and procedural rights, allow appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare the parties and the public the time and expense of re-litigating improperly conducted proceedings. *Id.*

In another case addressing the Galveston County Local Rules, the Supreme Court recognized a "significant benefit from mandamus review" of cases like this

10

one. *See In re Union Carbide Corp.*, 273 S.W.3d 152, 157 (Tex. 2008). Rules relating to the random assignment of cases are necessary to prevent forum-shopping, and "[p]ractices that subvert random assignment procedures breed 'disrespect for and [threaten] the integrity of our judicial system.'" *Id.* (quoting *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997)). Here, the Local Rules contain random assignment provisions. However, to prevent a litigant from forum-shopping, the Local Rules mandate that a case that had been previously pending, then non-suited and re-filed, be assigned to the same court in which it was previously pending. As the Supreme Court noted in *In re Union Carbide*, it is irrelevant whether Adame and Ozune were, in fact, forum-shopping; it is enough that the non-suit, followed by re-filing and assignment to a different court, and that court's denial of the motion to transfer, circumvented the random assignment provisions of the Local Rules. *See id.* The benefits of mandamus review include "the importance of both appearance and practice in maintaining integrity of random assignment rules." *See id.* The detriment to Adame and Ozuna is negligible.[5] Both voluntarily filed lawsuits in Galveston County in the County Court at Law Number Two, which has

---

[5] The only detriment identified by Adame and Ozuna is that they are being deprived of their choice of venue, which generally belongs to a plaintiff. As explained above, this is only the case when a plaintiff chooses proper venue. Here, Adame and Ozuna first brought suit in other counties, before settling on Galveston County. Having chosen to litigate in Galveston County, Adame and Ozuna must abide by the Local Rules of Galveston County, which require they maintain their suit in the court to which it was initially assigned.

11

jurisdiction over the suit. The parties' suit will stay in their chosen venue whether they remain in the district court or return to County Court at Law Number Two. *See Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Venue may and generally does refer to a particular county."). Thus, the significant benefits of mandamus review in this case outweigh the detriment. *See In re Union Carbide Corp.*, 273 S.W.3d at 157. We therefore conclude that Hooks does not have an adequate remedy on appeal. *See id.*; *see also In re Prudential*, 148 S.W.3d at 136.

## Conclusion

The plain language of the Local Rules requires transfer of this case to the County Court at Law Number 2 of Galveston County. The trial court abused its discretion by refusing the transfer. Additionally, there is no adequate remedy by appeal. Accordingly, we direct the trial court to vacate its order denying the transfer and to order the case transferred to county Court at Law Number Two of Galveston County. Our writ of mandamus will issue only if the trial court does not comply.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

12