In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00024-CV
_____

**LISA RENEE WARD, Appellant**

**V.**

**VIRGIL BRENT WARD, Appellee**

**On Appeal from the County Court at Law**
**Liberty County, Texas**
**Trial Cause No. CV1104837**

**MEMORANDUM OPINION**

In this appeal of a suit affecting the parent-child relationship, appellant Lisa Renee Ward argues that the County Court at Law: (1) lacked jurisdiction to modify or enforce the divorce decree, (2) abused its discretion by retroactively modifying or refusing to enforce the divorce decree, (3) abused its discretion by denying her motion to enforce, and (4) the 75th District Court lacked jurisdiction to transfer the case to the County Court at Law. We affirm the trial court's judgment.

1

BACKGROUND

Appellee Virgil Brent Ward filed a petition for divorce from Lisa[1] in the 253rd District Court of Liberty County, Texas. The record reflects that after Lisa filed her original answer, the trial court transferred the case to the 75th District Court. The Honorable Mark Morefield, judge of the 75th District Court of Liberty County, signed a final decree of divorce between Lisa and Virgil on August 15, 2012, in which he appointed Lisa as the joint managing ("primary") conservator with the right to primary possession of the parties' child, entered a standard possession order, ordered Virgil to pay child support, required Lisa to obtain health insurance for the child, required Virgil to pay maintenance to Lisa, and divided the marital estate.

On January 7, 2013, Lisa filed a motion to clarify. In that motion, Lisa contended that Virgil had refused to equally split the parties' tax refund for 2011 because he refused to sign the check the IRS issued correcting Lisa's surname to her maiden name; failed to transfer ownership of an Edward Jones retirement account to Lisa; failed to provide Lisa information necessary to change the name on the note for the loan of a vehicle; failed to pay for horse feed; failed to pay child support "directly to Texas Child Support Disbursement Unit[;]"and might force Lisa to leave

---

[1]Because the parties share a surname, we will refer to appellant and appellee by their first names for clarity.

the homestead by refusing to stay current on mortgage payments. Lisa pleaded that although she has told the child to spend time with Virgil, the child refused to do so.

On May 27, 2014, Virgil filed a petition to modify and order setting hearing for temporary orders, in which he asserted that, due to changed circumstances, the court-ordered child support payments were no longer in compliance with the guidelines in chapter 154 of the Family Code, and Virgil requested that the trial court decrease the payments and that "any decrease be made retroactive to the earlier of the time of service of citation on [Lisa] or the appearance of [Lisa] in this modification action." In addition, Virgil asserted that spousal maintenance should be either terminated or decreased, and he requested that any decrease be made retroactive. Virgil asked that the trial court enter temporary orders in accordance with his requests.

The 75th District Court's coordinator scheduled a hearing for temporary orders on July 1, 2014. The 75th District Court's docket reflects that on July 1, 2014, a mediation order and Rule 11 agreement were entered. On September 18, 2014, Virgil filed a motion for enforcement of order by contempt and order to appear. In the motion, Virgil asserted that Lisa had failed to surrender the child to him for visitation on three occasions and requested that Lisa be held in contempt, jailed, placed on community supervision, or fined for each violation, and Virgil stated that

3

he believes Lisa will "continue to fail to comply with the order." Virgil also alleged that Lisa had engaged in parental alienation because Lisa had "harmed or attempted to break the bond" between the child and Virgil. On September 22, 2014, the judge of the 75th District Court signed an "Order Assigning Case[,]" in which it stated that the cause "is hereby assigned to the County Court at Law of Liberty County, Texas. The County Court at Law will have jurisdiction over this cause for all purposes."

On November 16, 2015, Lisa filed her first supplemental motion to enforce and for attorney's fees and expenses. In her motion, Lisa alleged that Virgil had failed to transfer ownership of an Edward Jones account to Lisa as required by the divorce decree; failed to pay $2200 he owed Lisa as part of an agreed settlement; owed Lisa child support and spousal support in the amount of $8966.14; and was delinquent in making required payments on a Discover card that was issued to Lisa. Lisa also alleged harassing or improper conduct by Virgil.

On December 21, 2015, the County Court at Law, Honorable Thomas Chambers presiding, conducted a hearing on Virgil's motion to modify and motion for enforcement, as well as Lisa's supplemental motion to enforce and motion to clarify. At the hearing, Virgil testified that he had not been able to visit the child since August 2012, when the child was fifteen years old. According to Virgil, he had a "great" relationship before the divorce, and he does not know why the child no

4

longer comes to visit him. Virgil testified that he tried to exercise visitation, but the "gates were locked[]" and "[t]hey wouldn't answer the phones[.]" Virgil explained that the child will not respond to his text messages except to say "thank you" if he congratulates the child about something. According to Virgil, he communicates with the child via Facebook and email, but not very frequently. Virgil testified that he believes that if the child were to have a relationship with him, Lisa would "mentally destroy" the child. Virgil testified that the situation has destroyed him.

According to Virgil, he mailed child support payments of $1570 per month, as well as alimony, directly to Lisa until January of 2013, when he began making child support payments through the Attorney General, and the Attorney General has not properly credited him for the prior payments made to Lisa. When the trial court asked Virgil what he wanted the court to do, Virgil stated that he wanted to settle the amounts of money, but opined that the trial court could not change his lack of relationship with his daughter. At the conclusion of the hearing, the trial court denied Virgil's motion for contempt for denial of visitation and found that Virgil owed no child support arrearage or spousal support arrearage. The trial court also found that Virgil had no other financial arrearage regarding payments ordered in the divorce decree. In addition, the trial court granted Virgil's motion to modify the amount of child support to $500 per month, beginning January 1, 2016, and continuing until

the child graduates from high school. The trial court denied Virgil's motion to modify the amount of spousal support and denied the motions to modify possession and access because the child had reached eighteen years of age.

The trial court's docket reflects that on February 11, 2016, the trial court called the case, and only Virgil's counsel was noted to be present. On the same date, the trial court signed an order in a suit affecting the parent-child relationship. In the order, the trial court denied Lisa's motion to clarify, denied Lisa's motion for enforcement and first supplemental motion to enforce, denied Virgil's motion for enforcement of order by contempt, and granted Virgil's petition to modify. The trial court found that Virgil owed no child support arrearage, no spousal maintenance arrearage, no money regarding the Edward Jones retirement account, no debt for horse feed, and no debt for the Discover Card. In its order, the trial court found that "the material allegations contained in the Petition to Modify are true and the modification is in the best interest of the child." Additionally, the trial court ordered Virgil to pay child support of $500 per month to Lisa until the child graduates from high school, and he ordered the Attorney General to return to Virgil any monies held to satisfy arrearages. Furthermore, the trial court ordered that all terms of the divorce decree not specifically modified or addressed in the order would remain in effect.

The trial court signed the order on February 11, 2016, and wrote underneath the date that the order is "effective 12-21-15[.]"

On June 21, 2016, Lisa filed an expedited motion to set aside the trial court's order due to the County Court at Law's alleged lack of jurisdiction. In that pleading, Lisa alleged that her attorney did not receive notice of the February 11 hearing for entry of the court's judgment of December 21, 2015, nor did her attorney receive notice that the trial court had signed a final, appealable order. According to Lisa, the "transfer" of the petition to modify to the County Court at Law was issued *sua sponte*, and the County Court at law therefore lacked jurisdiction to enter any orders. As support for her jurisdictional argument, Lisa cited sections 155.001, 155.002, and 155.202(b) of the Texas Family Code. Lisa argued that a transfer from a court with continuing, exclusive jurisdiction to another court requires a written motion, hearing, and order, and that since none existed, the County Court at Law lacked jurisdiction.

On November 14, 2016, Lisa filed a motion to enforce, in which she alleged that (1) attempted mediation has failed, (2) Virgil owed her $13,000 plus attorney's fees and costs, and (3) Virgil had only sporadically paid the mortgage and had failed to pay spousal support. On January 4, 2017, the trial court held a hearing on Lisa's motion to set aside the order and her motion to enforce, at which counsel for both sides argued the motions and no testimony was offered. The trial court orally denied

7

the motion to enforce and the motion to set aside. On the same date, the trial court signed a handwritten order denying Lisa's expedited motion to set aside, as well as "all motions to [e]nforce[.]" Lisa then filed a notice of appeal, which stated that she was appealing the trial court's rulings in its order of January 4, 2017, denying her expedited motion to set aside due to lack of jurisdiction and her November 2016 motion to enforce.

## ISSUES ONE AND FOUR

In issue one, Lisa argues that the County Court at Law lacked jurisdiction to enter orders modifying or enforcing the divorce decree. In issue four, Lisa contends that the District Court lacked jurisdiction to transfer the case to the County Court at Law, and that the County Court at Law erred by refusing to declare its own orders void. We address issues one and four together.

Citing Chapter 155 of the Texas Family Code, Lisa argues that the 75th District Court "acquired and retained continuing, exclusive jurisdiction over the Final Decree." Section 155.001 of the Family Code provides as follows, in pertinent part:

(a) Except as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order.
. . .

8

(c) If a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child[.]

Tex. Fam. Code Ann. § 155.001(a), (c) (West Supp. 2016).[2] Section 155.002 of the Family Code states: "Except as otherwise provided by this subchapter, a court with continuing, exclusive jurisdiction retains jurisdiction of the parties and matters provided by this title." *Id.* § 155.002 (West 2014).

According to Lisa, because the 75th District Court acquired exclusive, continuing jurisdiction upon rendition of the final decree of divorce, the transfer mechanism provided by section 155.202(b) of the Family Code is the only legitimate means by which the 75th District Court could assign the case to the County Court at Law, and that such an assignment must be made upon request or motion of a party. Section 155.202(b) provides that, "[f]or the convenience of the parties and witnesses and in the interest of justice," upon timely motion of a party, the trial court may transfer the proceeding to a proper court in another county. *Id.* § 155.202(b) (West 2014). Because section 155.202(b) deals with transferring cases to a court in another county, it offers Lisa no relief. *See id.*

---

[2]Because the 2015 amendment of section 155.001 is not material to the outcome of this appeal, we cite to the current version of the statute.

We turn, therefore, to the issue of whether the District Court's order assigning the case was valid; that is, whether sections 155.001 and 155.002 precluded the 75th District Court of Liberty County from assigning the case to the County Court at Law of Liberty County. Rule 9 of the Texas Rules of Judicial Administration provides that the district and statutory county court judges of a county shall adopt rules for orderly administration of the courts' affairs, including, among other things, docket management and other matters necessary to provide for orderly, prompt, efficient, and effective administration of justice. Tex. R. Jud. Admin. 9 (a), (b)(1), (8), *reprinted* in Tex. Gov't Code Ann., tit. 2, subtit. F app. (West 2013)). In addition, Subchapter D of the Texas Government Code, which is entitled "Administration by County[,]" deals with rules for handling of cases between courts of each county. *See* Tex. Gov't Code Ann. §§ 74.091-74.098 (West 2013 & Supp. 2016). Section 74.093 of the Government Code provides that the district and statutory county court judges in each county shall adopt local rules of administration which must provide for, among other things, "assignment, docketing, transfer, and hearing of all cases, subject to jurisdictional limitations of the district courts and statutory county courts[.]" *Id.* § 74.093(a), (b)(1) (West Supp. 2016). Section 74.094 of the Government Code provides as follows:

> (a) A district or statutory county court judge may hear and determine a
>     matter pending in any district or statutory county court in the county

10

> regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred. The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. The authority of this subsection applies to an active, former, or retired judge assigned to a court having jurisdiction as provided by Subchapter C.

*Id.* § 74.094(a) (West 2013). Subchapter C of the Government Code deals with the powers and duties of presiding judges of administrative judicial districts, including those judges' ability to assign cases from one court to another. *See id.* §§ 74.041-74.062 (West 2013 & Supp. 2016).

Under section 74.093, "the only limitation on local rules governing transfer of cases within a county is that the case must be transferred to a court that has jurisdiction over the case." *In re Siemens Corp.*, 153 S.W.3d 694, 697 (Tex. App.—Dallas 2005, orig. proceeding). The Government Code specifically provides that "a county court at law in Liberty County has concurrent jurisdiction with the district court in family law cases and proceedings." Tex. Gov't Code Ann. § 25.1482(a) (West Supp. 2016). When the two courts at issue have concurrent jurisdiction, "the jurisdictional limitation on transfers contained in section 74.093 is not implicated[.]" *In re Siemens Corp.*, 153 S.W.3d at 697.

Section 74.093 of the Government Code lists assignments and transfers separately. *See id.* § 74.093 (West Supp. 2016). In addition, this Court has held that

11

"[a] distinction must be made . . . between a suit *transferred* from district court to county court at law, or vice versa, and a suit in which a county court at law judge is *assigned* to hear cases for a district court judge." *In re Nash*, 13 S.W.3d 894, 896-97 (Tex. App.—Beaumont 2000, orig. proceeding). In addition, in the context of comparing the docket equalization statute in the Government Code to chapter 155 of the Family Code, the Fort Worth Court of Appeals concluded that chapter 155 of the Family Code "does not prohibit a district court of continuing, exclusive jurisdiction from *transferring*, on its own motion, a case to another district court in the same county for purposes of docket equalization under section 24.950 of the [G]overnment [C]ode." *In re G.R.M.*, 45 S.W.3d 764, 771 (Tex. App.—Fort Worth 2001, orig. proceeding) (emphasis added). *Id.* at 769-70.

Given that the judge of the 75th District Court entitled his order "Order Assigning Case[,]" stated in the order that the case "[i]s hereby assigned to the County Court at Law of Liberty County, Texas[,]" and noted in the order that the County Court at Law "will have jurisdiction over this cause for all purposes[,]" we conclude that the order was an *assignment* of the case to a court that had concurrent jurisdiction, not a *transfer* of the case to the County Court at Law by the court of continuing, exclusive jurisdiction as contemplated by the Family Code. *See* Tex. Fam. Code Ann. §§ 155.001(a), (c), 155.002; Tex. R. Jud. Admin. 9; *In re Siemens*

*Corp.*, 153 S.W.3d at 697; *Nash*, 13 S.W.3d at 896-97. For all of these reasons, we conclude that the 75th District Court did not lack jurisdiction to assign the case to the County Court at Law, and the County Court at Law did not lack jurisdiction to modify or enforce the divorce decree. Accordingly, we overrule issues one and four.

ISSUE TWO

In issue two, Lisa argues that the trial court erred by retroactively modifying or refusing to enforce the divorce decree. Lisa argues that Virgil did not provide sufficient testimony or evidence of substantially changed circumstances at the hearing held on December 21, 2015, and she quotes extensively from the record of that hearing. Lisa also complains that the trial court made its order retroactive, and although she argues in her statement of facts that her attorney did not receive notice of the hearing held on February 11, 2016, she provided no argument or authorities as to that issue. *See* Tex. R. App. P. 33.1(a), 38.1(i). Lisa did not timely appeal the trial court's order of February 11, 2016, which memorialized its pronouncements made at the conclusion of the December 21 hearing. *See* Tex. R. App. P. 26.1. Accordingly, we overrule issue two.

ISSUE THREE

In issue three, Lisa complains that the trial court erred by denying her motion to enforce in its order of January 4, 2017. Lisa timely appealed from the trial court's

order of January 4, 2017. However, Lisa provides no argument or authorities in her brief regarding the trial court's denial of her motion to enforce. We therefore conclude that Lisa has waived her appellate complaint regarding this issue. *See* Tex. R. App. P. 38.1(i) (stating that the appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record[]"). Accordingly, we overrule issue three. Having overruled each of Lisa's issues, we affirm the trial court's judgment.

     AFFIRMED.

 

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 3, 2017
Opinion Delivered December 7, 2017

Before McKeithen, C.J., Horton and Johnson, JJ.

14